UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONFESSOR MONTALVO,<br><br>        Plaintiff,<br><br>   vs.<br><br>CDCR PERSONNEL,<br><br>        Defendants. | 1:16-cv-01078-GSA-PC<br><br>**ORDER SEVERING CLAIMS FOR LACK OF VENUE AND TRANSFERRING SEVERED CLAIMS TO PROPER COURTS FOR ADJUDICATION**<br><br>**ORDER FOR CLERK'S OFFICE TO SEND COPIES TO PROPER COURTS** |

## I.    BACKGROUND

Confessor Montalvo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On July 26, 2016, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. (ECF No. 1.)

On August 15, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. VENUE

The venue for some of Plaintiff's claims is not proper in this court, and those claims shall be severed from the Complaint and transferred to the proper courts.

The federal venue statute requires that a civil action be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); also see Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue *sua sponte*); see also Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance).

In addition, pursuant to Rule 120(f) of the Local Rules of the Eastern District of California, a civil action which has not been commenced in the proper court may, on the court's own motion, be transferred to another venue within the district. L.R. 120(f).

**Discussion**

Plaintiff is presently incarcerated at Kern Valley State Prison in Delano, California. The events at issue in the Complaint allegedly occurred at three state prisons, (1) High Desert State Prison (HDSP)[1] in Susanville, California, (2) Pelican Bay State Prison (PBSP)[2] in Crescent City, California, and (3) Corcoran State Prison (CSP)[3] in Corcoran, California, when Plaintiff was incarcerated at those institutions in the custody of the California Department of Corrections and Rehabilitation.

Venue is not proper in this court for Plaintiff's claims arising out of events at PBSP and HDSP, and those claims may not be pursued in this action.  PBSP is in Crescent City, Del Norte County, California, which is located in the United States District Court for the Northern District of California.  HDSP is in Susanville, Lassen County, California, which is located in

---

[1] For claims arising at HDSP, it appears that Plaintiff names the following defendants:  Sergeant G. Harrison, Sergeant. B. Wheeler, Correctional Officer W. Jones, IGI B. Fleming, S&E M. Marin, IGI C/O N. Smith, Special Agent J.A. Harrison, and Special Agent P.P. Sprahue.

[2] For claims arising at PBSP, it appears that Plaintiff names the following defendants:  Deputy Director G. Giurbino, Director S. Hubbard, CCII J. Ryan, Z. Razavi (Ph.D.), Special Agent M. Ruff, Chief D. Rothchild, and CSR B. Lee.

[3] For claims arising at CSP, it appears that Plaintiff names the following defendants:  Captain R. Chavez, CCI T. Galaviz, Lieutenant S. Pina, CCII C. Villarrial, Chief Deputy Warden J. D. Smith, Sergeant N. Holland, Social Worker D. Prince, Captain R. Broomfield, and CCII T. Campbell.

the Sacramento Division of the United States District Court for the Eastern District of California.

Therefore, the court shall sever Plaintiff's claims arising at PBSP and HDSP from the Complaint and transfer those claims to the proper courts. Venue for Plaintiff's claims arising out of events at CSP is proper in this court, and those claims shall proceed in this action.

## IV. CONCLUSION AND ORDER

The court finds that venue is not proper in this court for Plaintiff's claims arising at PBSP and HDSP, and those claims may not be pursued in this action. Therefore, the court shall sever those claims from the Complaint and transfer them to the proper courts for adjudication.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's claims arising at High Desert State Prison in Susanville, California, are severed from this action for lack of venue and transferred to the Sacramento Division of the United States District Court for the Eastern District of California;

2. The Clerk's Office shall forward to the Sacramento Division of United States District Court for the Eastern District of California:

    (1) a copy of this order, and

    (2) a copy of the Complaint filed in this action on January 17, 2017 (ECF No. 1);

3. Plaintiff's claims arising at Pelican Bay State Prison in Crescent City, California, are severed from this action for lack of venue and transferred to the United States District Court for the Northern District of California;

4. The Clerk's Office shall forward to the United States District Court for the Northern District of California:

    (1) a copy of this order, and

    (2) a copy of the Complaint filed in this action on January 17, 2017 (ECF No. 1);

5. This case shall proceed with Plaintiff's claims arising at Corcoran State Prison; and

6. By separate order, the Court will grant Plaintiff leave to file an amended complaint in this case as to the Corcoran State Prison claims only.

IT IS SO ORDERED.

Dated:   **March 24, 2017**                              **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE