UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONFESSOR MONTALVO,<br><br>          Plaintiff,<br><br>     vs.<br><br>CDCR PERSONNEL,<br><br>          Defendants. | 1:16-cv-01078-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR VIOLATION OF RULE 8(a), WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM** |

Concurrently with this order, the court issued a separate order severing some of Plaintiff's claims from the Complaint, for lack of venue. This case now proceeds only with Plaintiff's claims arising at Corcoran State Prison (CSP) in Corcoran, California.

**I.      BACKGROUND**

Confessor Montalvo ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On July 26, 2016, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. (ECF No. 1.)

On August 15, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 6.)

Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. PLAINTIFF'S COMPLAINT

Plaintiff is presently incarcerated at Kern Valley State Prison in Delano, California, in the custody of the California Department of Corrections and Rehabilitation. The Complaint now proceeds only with Plaintiff's claims arising from events occurring at CSP when Plaintiff

was incarcerated there. From a review of the Complaint, it appears that Plaintiff names the following defendants for claims arising at CSP: Captain R. Chavez, CCI T. Galaviz, Lieutenant S. Pina, CCII C. Villarrial, Chief Deputy Warden J. D. Smith, Sergeant N. Holland, Social Worker D. Prince, Captain R. Broomfield, and CCII T. Campbell.

The gravamen of Plaintiff's Complaint is that his rights were violated when he was validated as a gang associate using false information. Plaintiff requests monetary relief.

**IV.     RULE 8(a)**

Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 2955, 1964-65 (2007)). "While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Plaintiff's Complaint fails to comport with Rule 8(a)'s requirement of "a short and plain statement of the claim." Fed. R. Civ. P. 8(a). The Complaint consists of 19 handwritten pages with 35 pages of attached exhibits. Plaintiff names 24 defendants and alleges claims arising at three different prisons in California: High Desert State Prison, Pelican Bay State Prison, and Corcoran State Prison. This case now proceeds only on Plaintiff's claims arising at Corcoran State Prison.

Plaintiff's narrative does not succinctly allege facts against the named defendants, and it is difficult to decipher which events happened at which prison. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Therefore, Plaintiff's Complaint shall be dismissed for his violation of Rule 8(a).

Plaintiff shall be granted leave to file a First Amended Complaint within thirty days, omitting any allegations or claims for relief arising out of events at HDSP or PBSP.  The First Amended Complaint must only name defendants who violated Plaintiff's rights during the time that he was incarcerated at CSP.  Plaintiff shall be granted thirty days to file the First Amended Complaint.

The First Amended Complaint must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions.  Jones, 297 F.3d at 934 (emphasis added). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 676.  For clarification, Plaintiff may wish to set forth his allegations in chronological order and name each defendant, state how and where the defendant is employed, and describe what the defendant personally did to violate Plaintiff's rights.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  The court strongly suggests to Plaintiff that exhibits should not be submitted where (1) they serve only to confuse the record and burden the court, or (2) they are intended as future evidence.  If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.  Plaintiff is cautioned that it is not the duty of the court to look through all of his exhibits to determine whether or not he has stated claims cognizable under § 1983.  Rather, the court looks to the factual allegations contained in Plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983.

///

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

## V. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for violation of Rule 8(a), with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within thirty days from the date of service of this order, Plaintiff shall file a First Amended Complaint in this case, <u>only</u> addressing allegations and claims arising at Corcoran State Prison during the time he was incarcerated there, as instructed by this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-01078-GSA-PC; and
5. If Plaintiff fails to file a First Amended Complaint in this case within 30 days, the court shall dismiss this case for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 24, 2017**              **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE