UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONFESSOR MONTALVO,<br><br>    Plaintiff,<br><br>    vs.<br><br>CDCR PERSONNEL,<br><br>    Defendants. | 1:16-cv-01078-GSA-PC<br><br><u>SCREENING ORDER</u><br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(ECF No. 11.)<br><br>THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.    BACKGROUND**

Confessor Montalvo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 26, 2016. (ECF No. 1.)

On August 15, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

1

The court screened the Complaint under 28 U.S.C. § 1915A and issued an order severing some of Plaintiff's claims for lack of venue, (ECF No. 9), and an order dismissing the Complaint for violation of Rule 8(a), with leave to amend, (ECF No. 10.) On April 17, 2017, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 11.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

///
///

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Kern Valley State Prison in Delano, California. The events at issue in the First Amended Complaint allegedly occurred at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants J. D. Smith (Chief Deputy Warden), Captain R. Chavez, Captain R. Broomfield, Lieutenant S. Pina, Sergeant N. Holland, CCII (Correctional Counselor II) C. Villarrial, CCII T. Campbell, CCI T. Galaviz, and D. Prince (Social Worker) (collectively, "Defendants"). Defendants were employed by the CDCR at CSP at the time of the events at issue.

The gravamen of Plaintiff's First Amended Complaint is that he was validated as an associate of the Mexican Mafia prison gang and retained in the Security Housing Unit (SHU) by Defendants at CSP, who knowingly used false information to validate him in retaliation for assaults on staff during a disturbance at High Desert State Prison (HDSP) on August 20, 2012.

Plaintiff alleges as follows.[1] On August 20, 2012, when Plaintiff was incarcerated at HDSP, Plaintiff was issued a Rules Violation Report (RVR) for his participation in a mass disturbance involving forty-nine inmates who committed battery on correctional staff. (See Exh. B to First Amended Complaint, ECF No. 11.) Plaintiff was found guilty of battery on a peace officer and assessed a term in the SHU at HDSP. (Id., Exh. F.)

Subsequently, Plaintiff was transferred to CSP. On February 20, 2014, Plaintiff was validated at CSP as a Mexican Mafia prison gang associate by members of the Security Threat Group Unit Classification Committee (STGUCC), including defendants Broomfield, Pina, Campbell, and Galaviz. (Id., Exh. C.) Defendant Villarrial did an assessment on March 10, 2014, and recommended that Plaintiff be retained in the SHU at CSP to participate in the Step Down program. (Id., Exh. F.) On March 11, 2014, Plaintiff was retained in the SHU by members of the STGUCC, including defendants Smith, Holland, Prince, Pina, Galaviz, and Chavez. (Id., Exh. G.) Plaintiff alleges that Defendants knowingly used false information to

---

[1] For clarification, the court refers to Plaintiff's exhibits to the First Amended Complaint, which include copies of the RVR and other documents from Plaintiff's prison file.

determine that he should be validated and housed in the SHU.

Plaintiff alleges that the Step Down program forces an inmate to inform on criminal organizations, knowing in advance that informing on these organizations places the inmate at risk of physical assault or even death.

Subsequently, Plaintiff was transferred to Pelican Bay State Prison (PBSP). On April 17, 2015, the Departmental Review Board at PBSP cleared Plaintiff of gang activity and released him from the SHU. (Id., Exh. A.)

Plaintiff requests monetary damages and attorney's fees.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

**A.     Equal Protection**

Plaintiff claims that his rights to equal protection were violated because of Defendants' malicious intent to use false information against him to validate him as a Mexican Mafia gang associate.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate

state purpose. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

### B. Eighth Amendment – Deliberate Indifference

Plaintiff claims that Defendants acted with deliberate indifference when they knowingly used false information to validate him. Plaintiff also appears to allege that he was placed at risk of harm as a participant in the Step Down program.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in

objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217 F.3d at 731. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

Plaintiff alleges that he was wrongly validated as a gang associate, detained in the SHU, and required to participate in the Step Down program, a program in which inmates inform on criminal organizations, which places inmates at risk of harm. This is not enough to state an Eighth Amendment claim. The conditions alleged by Plaintiff are not grave enough to rise to the level of an Eighth Amendment violation. Plaintiff has not shown how he was placed at substantial risk of specific, serious harm and what harm, if any, he suffered. Nor has Plaintiff alleged that any named Defendant knew about the substantial risk of harm to Plaintiff but deliberately ignored the risk, acting unreasonably or failing to act. Therefore, Plaintiff fails to state a claim under the Eighth Amendment. Plaintiff shall be granted time to file an amended complaint addressing this claim.

### C. Due Process – Gang Validation and Detention in the SHU

To invoke the protections of the Due Process Clause, a party must first establish that a protected liberty interest is at stake. E.g., Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. at

2393 (2005). The Due Process Clause does not itself create a liberty interest in being free from administrative segregation. Hewitt v. Helms, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); Toussaint v. McCarthy, 801 F.2d 1080, 1091–92 (9th Cir. 1986) ("Toussaint IV"). Accordingly, any liberty interest in being free from administrative segregation must be the creation of state law. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993). Liberty interests created by state law will generally be limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Technically, "Sandin requires a factual comparison between conditions in general population or administrative segregation (whichever is applicable) and disciplinary segregation, examining the hardship caused by the prisoner's challenged action in relation to the basic conditions of life as a prisoner." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). A plaintiff must assert a "dramatic departure" from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485–86; see also Keenan v. Hall, 83 F.3d 1083, 1088–89 (9th Cir. 1996).

Plaintiff alleges that he was held in the SHU at CSP for approximately a year on false charges that he was a gang associate. The fact that he was later cleared of gang activity and released from segregation does not diminish the conditions under which he was held. However, Plaintiff has not alleged facts showing that his detention in the SHU was a dramatic departure from the conditions of normal prison life, showing that he has a liberty interest in avoiding detention of the SHU.

If Plaintiff is able to establish a liberty interest in avoiding his SHU detention, then he is entitled to minimal due process procedures. The assignment of validated gang members to the SHU is an administrative measure rather than a disciplinary measure, and is "essentially a matter of administrative segregation." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)). As such, Plaintiff is entitled to the minimal procedural protections set forth in Toussaint, such as notice, an opportunity to be heard, and periodic review. Bruce, 351 F.3d at 1287 (citing Toussaint, 801

F.2d at 1100). Due process also requires that there be an evidentiary basis for the prison officials' decision to place an inmate in segregation for administrative reasons. Superintendent v. Hill, 472 U.S. 445, 455 (1985); Toussaint, 801 F.2d at 1104-05. This standard is met if there is "some evidence" from which the conclusion of the administrative tribunal could be deduced. Id. at 1105. The standard is only "minimally stringent" and the relevant inquiry is whether there is any evidence in the record that could support the conclusion reached by the prison decision-makers. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987). The "some evidence" standard applies to an inmate's placement in the SHU for gang affiliation. See Bruce, 351 F.3d at 1287-88.

When a prisoner is placed in administrative segregation, prison officials must, within a reasonable time after the prisoner's placement, conduct an informal, non-adversary review of the evidence justifying the decision to segregate the prisoner. See Hewitt, 459 U.S. at 476, abrogated in part on other grounds by Sandin, 515 U.S. 472 (1995); Mendoza v. Blodgett, 960 F.2d 1425, 1430 (9th Cir. 1992), abrogated in part on other grounds by Sandin, 515 U.S. 472; Toussaint, 801 F.2d at 1100, abrogated in part on other grounds by Sandin, 515 U.S. 472. The Supreme Court has stated that five days is a reasonable time for the post-placement review. See Hewitt, 459 U.S. at 477. Before the review, the prisoner must receive some notice of the charges and be given an opportunity to respond to the charges. See id. at 476; Mendoza, 960 F.2d at 1430-31; Toussaint, 801 F.2d at 1100. The prisoner, however, is not entitled to "detailed written notice of charges, representation of counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Toussaint, 801 F.2d at 1100-01 (citations omitted). After the prisoner has been placed in administrative segregation, prison officials must periodically review the initial placement. See Hewitt, 459 U.S. at 477 n.9; Toussaint, 801 F.2d at 1101. Annual review of the placement is insufficient. See Toussaint, 801 F.2d at 1101.

There is no due process right to be free from false disciplinary charges. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal.

2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff has no protected liberty interest against false information being used against him.

In sum, Plaintiff has not demonstrated that he had a liberty interest in not being detained in the SHU as he has not shown that his SHU detention was a "dramatic departure" from ordinary prison conditions. If Plaintiff can show he had a liberty interest, he would then be entitled to minimal due process procedures before being placed in the SHU. But here, Plaintiff has not alleged that he was not given the minimal due process to which he was entitled. Nor has Plaintiff alleged that there was no evidence supporting the decision to place him in the SHU for gang validation. Therefore, Plaintiff's allegations are insufficient to state a cognizable claim against any of the Defendants for violation of Plaintiff's rights to due process.

### D. **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes, 408 F.3d at 567-68; accord ///

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff satisfies the first element of a retaliation claim because he alleges that he was detained in the SHU, which is unquestionably an adverse action. However, Plaintiff fails to show that he was detained in the SHU *because* he exercised a right protected under the First Amendment, such as using the prison appeals process or filing a court case. Participating in an assault on staff members at HDSP is not protected conduct under the First Amendment. Moreover, Plaintiff has not alleged that the action against him chilled his exercise of First Amendment rights or did not reasonably advance a legitimate correctional goal. Thus, Plaintiff's allegations are insufficient to state a claim for retaliation.

### E. Request for Attorney's Fees

Besides monetary damages, Plaintiff requests attorney's fees. With regard to attorney's fees, "[i]n any action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees . . . ." 42 U.S.C. § 1988(b). Plaintiff's contention that he is entitled to attorney's fees if he prevails is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as state in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005); Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles, 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a pro se attorney-plaintiff.") Therefore, Plaintiff is not entitled to recover attorney's fees if he prevails in this action.

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's First Amended Complaint fails to state any claim upon which relief may be granted under § 1983. The court will dismiss the First Amended Complaint for failure to state a claim and give Plaintiff leave to file an amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file a Second Amended Complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the Second Amended Complaint within thirty days.

The Second Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by his or her actions. Id. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is not granted leave to add allegations of events occurring after the date he filed the Complaint, July 26, 2016.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey, 693 F 3d. at 907 n.1, and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a Second Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;

///

4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:16-cv-01078-GSA-PC; and
5. If Plaintiff fails to file a Second Amended Complaint within thirty days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __**October 5, 2017**__          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE